UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROBERT YATES AND
ERICA WHITE, *Individually
and on behalf of all others similarly situated,*

Plaintiffs,

v.

DISCRETE WIRELESS, INC.;
FLEETCOR TECHNOLOGIES OPERATING
COMPANY, LLC; and FLEETCOR
TECHNOLOGIES, INC. all D/B/A NEXTRAQ®,

Defendants.

## PLAINTIFFS' COLLECTIVE ACTION COMPLAINT FOR VIOLATION OF THE FLSA & DEMAND FOR JURY TRIAL

### Summary of the Allegations

*FLSA Violation Summary*

Defendants in this case willfully misclassified the class of inside sales representatives (a/k/a Account Representatives, Sales Executives) as exempt from the overtime wage provision of the FLSA. Plaintiffs, and the class of similarly situated employees, were all paid a base salary and a commission and bonus structure. However, these employees fail the Executive Exemption as they do not supervise other employees; and likewise fail the administrative exemption as their primary job duty does not involve the use of discretion and independent judgment related to management of the company. The primary job duty of the inside sales work is production: selling products and services, for which the more hours each work, the more commission or bonus they are likely to earn.

1

Regardless, the class had a quota to reach which meant that depending upon each person's success, he or she may need to put in substantially more hours than 40 to achieve the minimum required results. Lastly, this class of employees are not outside sales representatives.

In 2013, Defendants, Fleetcor Technologies Operating Company, LLC and Fleetcor Technologies, Inc., (collectively "Fleetcor") purchased Discrete Wireless d/b/a NEXTRAQ. In December of that year, Defendants reclassified all inside sales representatives to hourly, non-exempt employees. Defendants never advised the class they had been converted to non-exempt status and didn't make an attempt to pay them the overtime wages owed. Moreover, Defendants maintained a *de facto* company policy of encourage sales representative to work through lunch breaks and stay late off the clock in order to meet their sales goals. The Defendants cannot and do not have a good faith basis for the misclassification, and for not after recognizing the error in their ways, willfully refused to pay the employees the overtime wages owed and for encouraging sales managers to work off the clock to meet sales goals.

The Defendants' unlawful pay practice saved them many millions of dollars in labor costs. In fact, years of litigation (even if unsuccessful), is more cost effective then complying with the law due to its rolling statute of limitations.

Defendants know the workings of the FLSA and have likely faced challenges before. In the preceding case of *Brown & Gillard v. Fleetcor, et al.*, Case No: 8:14-cv-01922 (M.D. Fla. 2015), Defendants were put on notice of these claims. Defendants closely supervise this class of employees and are well aware of the overtime hours worked by the class. Each employee has a key card which records the time each person enters the

2

office and leaves the office, in addition to the Defendant monitoring and analyzing phone calls and production. When a sales rep underperforms, they are encouraged to put in more hours. Sales reps additionally perform some work out of the office, making contacts by email and phone call and performing other research. Each sales representative is entitled to be paid overtime wages for all hours over 40 at a rate of one and one half times their regular rates of pay, to include the value of all compensation earned during the relevant period. *__As per the Fair Labor Standards Act, "the FLSA", DEFENDANTS not the Plaintiffs employees, maintain the burden to prove the exemption from the overtime wage requirements of the FLSA, and Plaintiff contends that the Defendants cannot satisfy this burden of proof.__*

## Introduction

Plaintiffs, Robert Yates and Erica White, individually, and on behalf of all others similarly situated who consent to their inclusion in a collective action within the preceding three years of this action, to and through the date of the final disposition of this action, sue Defendants, Discrete Wireless, Inc., Fleetcor Technologies Operating Company, LLC, Fleetcor Technologies, Inc., all d/b/a Nextraq Inc., pursuant to *29 U.S.C. 216(b)*, of the Fair Labor Standards Act (the "FLSA") and state as follows:

1.  Plaintiffs bring this action for violation of federal wage and hour laws by and on behalf of all similarly situated current and former employees of Defendants.

2.  Pursuant to national, common policy and plan, the Plaintiffs and class of similarly situated current and former employees have been given the titles of "Sales Representative", Account Executive", "Saas Account Executive", "Account Manager",

3

Fleet Manager", "Fleet Consultant" or any other title where all inside sales representatives, selling products and services on a non-retail basis to businesses and commercial enterprises. The Plaintiffs and the class of similarly situated employees were unlawfully not compensated at a rate of one and one half their regular rate of pay for their overtime hours.

3. At some point, approximately in December, 2013, after Fleetcor Technologies, Inc. purchased Nextraq, Defendants instituted a policy switching all inside sales reps to hourly nonexempt employees and told them not to clock in more than 40 hours per week after recognizing the lack of exemption under the FLSA for the position. However, the Defendants willfully refused to address or pay the employees the overtime wages owed for the preceding 2 to 3 year period of time.

4. Additionally, Defendants maintained a *de facto* company policy of encouraging sales representatives to work off the clock in order to meet certain sales goals under pressure of discipline or termination; Defendants even instructed sales reps to clock out and continue to work off the clock and as well had full knowledge that sales reps continued to work overtime but were not disciplined for doing so.

5. Defendants have improperly and willfully classified this class of employees as exempt employees without a good faith basis. Defendants knew or should have known that these inside sales representatives fail the short test for the executive exemption since they do not supervise other employees.

6. Defendants knew or should have known that these inside sales representatives do not meet the administrative exemption as their primary job duty does not in involve the use of discretion and independent judgment in matters of significance

4

affecting the company and its management; and that their primary job duty is production and sales.

7. Defendants knew or should have known that the inside sales representatives are clearly not outside sales representatives.

8. Defendants have a comprehensive lead generation system such that inside sales representatives do not have to rely upon their own contacts and sources to generate sales.

9. Defendants know that inside sales representatives worked overtime hours above 40 as managers and supervisors witnessed the extra hours, and even encouraged sales reps to work as many hours as possible to hit quotas or exceed them.

10. Defendants failed to pay Plaintiffs and similarly situated employees in accordance with the FLSA. Specifically, Plaintiffs and similarly situated employees were not paid time and a half of their regular rate pay for all hours worked in excess of forty (40) hours per week. Plaintiffs and the class of similarly situated employees did not and currently do not perform work that meets the definition of any exemption under the FLSA.

11. In this pleading, the term "Inside Sales Representative" means any employee with the title of Saas Account Executive, Account Executive, Telematics Saas Account Executive, Account Manager or any other title or position where employees perform substantially the same work as an inside sales representative (discovery may reveal additional job titles and employees that should be included).

12. In this pleading, "Defendants" mean the named Defendants: Discrete Wireless, Inc., Fleetcor Technologies Operating Company, LLC, Fleetcor Technologies, Inc., all d/b/a Nextraq®, and any other corporation, organization or entity responsible for

the employment practices complained of herein (discovery may reveal additional Defendants that should be included).

13. The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiffs bear the burden of pleading, proof, or persuasion. Plaintiff reserves all rights to plead in the alternative.

## Jurisdiction & Venue

*14.* This Court has subject matter jurisdiction over this action pursuant to *28 U.S.C. §1331*, because this action involves a federal questions under the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216 (b)*.

15. This Court is empowered to issue a declaratory judgment under 28 U.S.C.§§ 2201 and 2202

16. This Court has personal jurisdiction over this action, because the Defendants operate substantial business in Atlanta, Fulton County, Georgia and a substantial amount of the damages at issue occurred in Fulton County, Georgia.

17. Venue is proper to this Court pursuant to 28 U.S.C. Sec. 1391(b) because the parties reside in this district and because a substantial part of the events giving rise to the claims occurred in this District.

## The Parties

*The Representative Plaintiff, Robert Yates*

18. Robert Yates resides in Marietta, Georgia. He worked for the Defendants from September 2013 and is still employed as an inside Sales Representative or Account

Manager, from the Defendants' Atlanta office.

19. He was an employee of Defendants during this time as contemplated by 29 U.S.C. Sec. 203.

20. Yate's primary job duty was sales: to sell products and services to business and commercial enterprises. He was paid a base salary plus a commission and bonuses for sales according to a standard structure applicable to all sales representatives.

21. All sales reps were paid on the same common pay plan: base salary and commission and bonuses.

*The Representative Plaintiff, Erica White*

22. Erica White resides in Lithia Springs., Georgia. She worked for the Defendants from April 2013 and her last physical day of work for Defendants was December 31, 2014 as an inside sales representative from the Defendants' Atlanta Office.

23. She was an employee of Defendants during this time as contemplated by 29 U.S.C. Sec. 203,

24. White's primary job duty was sales: to sell products and services to business and commercial enterprises. She was paid a base salary plus a commission and bonuses for sales according to a standard structure applicable to all sales representatives.

25. All sales reps were paid on the same common pay plan: base salary and commission and bonuses.

*The Defendants*

26. Defendant, Discrete Wireless, Inc., is a Foreign for Profit Corporation and a wholly owned subsidiary of Defendants, Fleetcor Technologies, Inc., and Fleetcor

7

Technologies Operating Company, LLC with its principal place of business in Atlanta, Georgia and at all times material hereto, operating under the name and conducting business in the States of Florida and Georgia under the name NEXTRAQ®. At all times material hereto, Defendants operated and maintained an office in Atlanta, Georgia at 1200 Lake Hearn Dr, Atlanta, Georgia 30319. NEXTRAQ and Discrete Wireless, Inc.'s principal place of business is 1200 Lake Hearn Drive, Suite 500, Atlanta, Georgia 30319.

27. NexTraq provides fleet operators with an internet based system that enhances workforce productivity through real time vehicle tracking, route optimization, job dispatch, and fuel usage monitoring. NexTraq is based in Atlanta, and has an accomplished and experienced management team. The business has grown subscribers over 20% annually over the past couple of years and has now reached 100,000 active subscribers. It has a recurring monthly fee revenue model, making the business very predictable.

28. "NexTraq serves the same commercial fleet clients with its telematics solutions as we do with our fuel card solutions. This represents a big cross marketing opportunity for us to deepen our existing client relationships and generate more profit per client," said Ron Clarke, chairman and chief executive officer, FleetCor Technologies, Inc.

29. Defendant, FLEETCOR TECHNOLOGIES, INC., is a publicly traded, Delaware Corporation (symbol: FLT), and Parent Corporation of Discrete Wireless, Inc. Defendant FLEETCOR TECHNOLOGIES, INC. and FLEETCOR TECHNOLOGIES OPERATING COMPANY, LLC is a FOR PROFIT foreign Limited Liability Company, together (hereinafter "Fleetcor" and Defendants) operating as a single Business Enterprise with primary or principal corporate office at 5445 Triangle Parkway, Norcross, Georgia.

Defendants do business and operate as NETRAQ, and upon information and belief are the parent companies of Discrete Wireless, Inc., and NEXTRAQ.

30. As stated by Fleetcor's press release:

**FleetCor Acquires NexTraq, A Leading Telematics Provider**

NORCROSS, Ga.--(BUSINESS WIRE)--Oct. 30, 2013-- FleetCor Technologies, Inc. (NYSE:FLT), a leading global provider of fuel cards and workforce payment products to businesses, announced today that it has acquired NexTraq, a US based provider of telematics solutions to small and medium-sized businesses, from Francisco Partners.

NexTraq provides fleet operators with an internet based system that enhances workforce productivity through real time vehicle tracking, route optimization, job dispatch, and fuel usage monitoring. NexTraq is based in Atlanta, and has an accomplished and experienced management team. The business has grown subscribers over 20% annually over the past couple of years and has now reached 100,000 active subscribers. It has a recurring monthly fee revenue model, making the business very predictable.

"NexTraq serves the same commercial fleet clients with its telematics solutions as we do with our fuel card solutions. This represents a big cross marketing opportunity for us to deepen our existing client relationships and generate more profit per client," said Ron Clarke, chairman and chief executive officer, FleetCor Technologies, Inc.

### General Factual Allegations

31. This collective action arises from an ongoing wrongful scheme by Defendants to: a) willfully misclassify, b) willfully underpay, and c) willfully refuse to pay overtime wages to a large class of inside sales representatives who Defendants know or should have known, did not satisfy any of the FLSA exemptions.

32. Plaintiffs bring this suit individually, and on behalf of all similarly situated persons composed of the following Class members:

> A. All employees working as inside sales representatives under the titles: Account Executive, Account Manager, Consultant, Custom Service,

9

>Territory Manager, or any other job title whose primary job duty was sales, who are currently employed or were previously employed with Discrete Wireless, Inc., Fleetcor Technologies, Inc. or Nextraq within the U.S. and its territories, within the past three years preceding this lawsuit and did not receive overtime compensation at a rate of time and one-half their regular rate of pay and who elect to opt into this action pursuant to FLSA 29 U.S.C. Section 216(b).

33. Yates and White are able to protect and represent the Collective Class, are willing and able, and consent to doing so.

34. Yates and White are proper Class representatives as they were employed by Defendants as inside sales representatives, under the title of account manager or sales representative, and because: a) they were paid under a single pay structure applicable to all other inside sales representatives.

35. Plaintiffs allege for themselves, and on behalf of the class who elect to opt-in to this action, that they are entitled to unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by the FLSA.

36. Defendants employ an estimated 150 or more inside sales representatives in its Tampa and Atlanta/Norcross offices, and, upon information and belief, may employ other sales representatives working from their homes or other offices.

37. Upon information and belief, the sales representatives in both Georgia and Florida, as well as all other locations, are all paid under a common pay plan, and all performing their job duties in a uniform, similar manner, and supervised according to the same standards and uniform policies and procedures set by the Defendants.

38. Upon information and belief, all inside sales representatives are supervised

by Sales Directors, who monitor performance, sales, and work of the sales representatives, and report results to the corporate office under a structured, corporate controlled manner.

39. The overtime wage provisions set forth in FLSA §207 apply to Defendants, as all Defendants collectively engage in interstate commerce under the definition of the FLSA. Indeed, at all relevant times, Defendants engaged in interstate commerce and/or in the production of goods for commerce within the meaning of FLSA Sec. 203 as a common business enterprise.

40. Each of the Defendants has, at all relevant times herein, grossed more than $500,000.00 in operating revenues during each of the last 3 years.

41. Each of the Defendants employed Yates and White within the meaning of 29 U.S.C. § 203(d).

42. The actual job duties performed by the proposed class of Inside Sales Representatives do not satisfy the elements of any exemptions within FLSA §213; and Defendants seem to agree, as they ended the practice of treating this class as exempt sometime on or about December, 2013, after Fleetcor purchased Nextraq, and thereafter announced to the employees no further overtime hours.

43. Plaintiffs, as well as the members of the plaintiff class, routinely worked through part or all of their lunch breaks, and also performed other work incidental to their job at home.

44. The Defendants knew, or should have easily known, that when they ended the practice of permitting and encouraging inside sales representatives to work overtime hours and classifying them as exempt under the FLSA, that they owed the class for the past overtime hours and yet willfully chose not to pay them the overtime wages owed.

45. Yates and White were forced to work late evenings and work through lunches off the clock and without receiving compensation in order to meet sales goals.

46. Yates, White, and other similarly situated employees are currently now or have previously been covered under FLSA §207.

47. Pursuant to FLSA §207, Defendants, as the employer of Yates, White, and other similarly situated employees, was and is required to pay one and one-half times each employee's hourly rate for hours worked in excess of forty (40) hours per week.

48. Defendants clearly know or should have known that these inside sales representatives do not satisfy any exemption, specifically, a) they fail the executive exemption as they do not supervise other employees. b) fail the administrative exemption as their primary job duty is sales and production, and does not involved the exercise of discretion and independent judgment in matters of significance affecting the company, and c) clearly are not outside sales representatives or engaged in retail sales.

### The FLSA Class Allegations

49. Yates worked for Discrete Wireless d/b/a Nextraq and then Fleetcor d/b/a Nextraq as well after the purchase, from September, 2013 and continues to work for them as an inside sales representative in the Tampa offices of Nextraq.

50. White worked for Discrete Wireless d/b/a Nextraq and then Fleetcor d/b/a Nextraq as well after the purchase, from April 2013 until her last physical day of work on December 31, 2014 as an inside sales representative in the Tampa offices of Nextraq.

51. For the majority of Yates' and White's employment, they regularly worked over 40 hours each week. Their job duties were to solicit and sell the company's products

and services to businesses, by making telephone calls and sending out written communications. Their job duties were of production type, and the focus was to sell.

52. Defendants did not properly clock in the hours of each inside sales representative, including Plaintiffs Yates and White.

53. Prior to December of 2013, Defendants did not clock in the hours of each inside sales representative at all.

54. After December of 2013, Defendants used a paper system to record the time worked by inside sales representatives, however, the *de facto* policy enforced by Account Directors and sales managers was for inside sales representatives to post only 40 hours of time rather than the actual number of hours worked.

55. After December of 2013, Defendants had a de facto company policy of encouraging employees to work off the clock.

56. Defendants warned Plaintiffs and the class of similarly situated employees about reporting that they were working more than forty (40) hours and, through Defendants' managers and directors, enforced this *de facto* policy.

57. All inside sales representatives worked a similar schedule of 5 days per week, typically from about 9:00 a.m. until 6:00 p.m. and working off the clock into the evening hours.

58. Plaintiffs worked, along with members of the class, sometimes until 9:00 p.m., as the office remained open and employees were knowingly permitted by management and encouraged to work as late as they wished or could.

59. In order to meet sales quotas and maximize their commission and bonus, Plaintiffs and other sales representatives would routinely work as many overtime hours as

they wished, the knowledge, approval and encouragement of sales Managers and officers of the Defendants.

60. Inside sales representatives who acknowledged working more than forty (40) hours on the paper time sheets were told to remove those hours by Defendants' managers and directors.

61. Inside sales representatives were warned when falling short of quotas that their jobs could be terminated and encouraged to work as many hours as necessary and possible to hit goals and quotas.

62. Defendants treated Plaintiffs and the class of similarly situated employees as exempt, and made clear to this class of employees that they deemed them to be exempt from overtime wages; hence the company policy and practice of not recording and clocking in the work hours of the class of inside sales representatives.

63. Defendants should be well aware that the FLSA requires the regular rate of pay calculation to include not only the base salary, but the bonuses and commissions in the calculation; thus the overtime rates of the Plaintiffs class must be based upon not just the base salary, but the commissions and bonuses as well. See CFR 551.511. Therefore, if an employee's base wages are $36,000.00, and he or she earned $1,000.00 in the month while working overtime, the regular rate of pay is based upon $37,000.00 for the month.

### *COUNT I FLSA VIOLATIONS OF FLSA §207 AND DECLARATORY ACTION PURSUANT TO 28 U.S.C. SECTIONS 2201 and 2202*

64. Plaintiffs allege and incorporate by reference paragraphs one (1) through sixty-three (63) of this Complaint and fully restates and re-alleges all facts and claims herein as if fully stated.

65. Defendants have willfully and intentionally engaged in a common company pattern and practice of violating the provisions of the FLSA, by misclassifying all inside sales representatives or account executives as exempt under the FLSA overtime wage provision during one or more weeks, thereby improperly failing and/or refusing to pay Plaintiffs and the Putative Class, comprised of all current and former similarly situated employees who work or have worked over forty (40) hours per week, overtime compensation pursuant to FLSA §207.

66. Defendants do not have a good faith basis for classifying the inside sales rep position as exempt, and clearly after the purchase of Nextraq by FleetCor, so recognized the error and ended the exempt classification status but willfully refused to pay, plaintiffs and the class of similarly situated employees the past overtime wages owed.

67. Defendants therefore have not, and clearly after the announcement ending overtime work hours for the class, did not act in good faith under the FLSA, and have willfully and knowingly violated the FLSA and refused to pay the class the overtime wages owed. As such, Defendants are liable for unpaid overtime compensation and an additional equal amount as liquidated damages. *Johnson v. Big Lots Stores, Inc.*, 604 F.Supp.2d 903 at 925 (E.D. La. 2009).

68. Defendants knowingly and willfully failed to track the hours worked by Plaintiffs and the class of similarly situated employees, comprised of the Plaintiffs Class.

69. Defendants suggested, encouraged and requested that all inside sales representatives work as many hours as they could to meet or exceed sales goals, and have direct knowledge of inside sales representatives working overtime hours.

70. Defendants made clear to the inside sales representatives that they were

classified as exempt from overtime wages without specific explanation of what exemption they relied upon and why, other than to tell employees they were salaried and get commissions and bonuses in lieu of overtime.

71. By failing to record, report, and/or preserve records of hours worked by the Plaintiffs, and the class of similarly situated inside sales representatives, the Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA 29 USC 201 *et. seq.*, including 29 U.S.C. Sec. 211(c) and 215 (a).

72. Defendants knew or should have known that the act of paying Plaintiffs and all inside sales representatives on a salary, exempt basis without overtime pay, is insufficient and evades the wage and hour requirements of the FLSA.

73. Defendants knew and know now, that overtime wages are to be paid at one and one half times the employees' regular rates of pay to include all compensation earned but, as a means to save hundreds of millions of dollars in labor costs, willfully chose to misclassify the inside sales rep position as exempt.

74. To summarize, Defendants have willfully and lacking in good faith, violated the FLSA by the following unlawful pay practices applicable to Plaintiff and the class of similarly situated employees: a) Willfully misclassifying inside sales representatives or account executives as salaried exempt; b) maintaining a De Facto, unwritten policy of encouraging, requesting and/or knowingly permitting inside sales representatives to work overtime hours to meet or exceed sales goals even if it means working off the clock; c) willfully refusing to pay overtime wages owed to the class after the Defendants recognized the error and reclassified the position on or about December, 2013, in violation of the

FLSA.

75. As a result of Defendants' willful violations of the FLSA, Yates, White and the Plaintiffs Class, comprised of all other employees similarly situated, have suffered economic damages by Defendants' failure to pay overtime compensation in accordance with FLSA §207.

76. Due to Defendants' willful violations of the FLSA, a three-year statute of limitations applies to the FLSA violations pursuant to *29 U.S.C. §255(a)*.

77. As a result of Defendants' unlawful acts and pay practices, Yates, White and the Plaintiffs Class, comprised of all other similarly situated employees, have been deprived of overtime compensation in amounts to be determined at trial; and are entitled to recovery of such amounts, liquidated damages in amount equal to the overtime wages due, prejudgment interest, attorneys' fees, costs and other compensation pursuant to *29 U.S.C. §216(b)*, as well as injunctive relief pursuant to *29 U.S.C. §217*.

78. Additionally, Yates and White seek a declaratory judgment as to the above allegations (*e.g.*, that the Defendants purposely and uniformly misclassified this select class of inside sales representatives under the FLSA, which has resulted in less than all of the compensation due to them).

**WHEREFORE**, Robert Yates and Erica White, individually, and on behalf of all other similarly situated past and present inside sales representatives, seek the following the following relief:

    a.    Designation of this action as a collective action.

    b.    That Yates and White be allowed to give notice of this collective action, or that this Court issue such notice at the earliest possible time; to all past and present inside sales representatives employed by Nextraq and Fleetcor at any

       time during the three (3) year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice for each respective class;

c.    Designate the Named Plaintiffs as Representatives of the Collective Class for purposes of engaging in mediation, with the authority to execute any Collective Class settlement agreement the parties might reach, which is subject to Court's approval before making any such agreement binding.

d.    That all past and present inside sales representatives be informed of the nature of this collective action, and similarly situated employee's right to join this lawsuit if they believe that they were or are misclassified as an exempt employee;

e.    That the Court find and declare Defendants in violation of the overtime compensation provisions of the FLSA;

f.    That the Court find and declare Defendants violations of the FLSA were and are willful;

g.    That the Court enjoin Defendants, under to *29 U.S.C. § 217*, from withholding future payment of overtime compensation owed to members of the Plaintiffs Class.

h.    That the Court award to Mr. Yates, Ms. White and the Plaintiffs Class, comprised of all similarly situated employees, overtime compensation at a rate of one and one half time their regular rates of pay, including the value of all compensation earned, for previous hours worked in excess of forty (40) for any given week during the past three years AND liquidated damages of an equal amount of the overtime compensation, in addition to penalties and interest on said award pursuant to FLSA §216 and all other related economic losses;

i.    That the Court award Yates and White and the Plaintiffs Class reasonable attorneys' fees and costs pursuant to FLSA § 216, including expert fees;

j.    That the Court award Yates and White a Class Representative fee for the justice she sought out for so many and their services in this case.

k.    That the Court issue a declaratory judgment under 29 U.S.C 216-17, 28 U.S.C. 2201 and 2202 for the unlawful misclassification and pay practices complained of herein and that the Defendants violated the FLSA, and that such pay practice violation was willful and uniformly applied to all inside sales representatives of this proposed class;

l.    Pre-judgment and post-judgment interest, as provided by law: and

m.    That the Court award any other legal and equitable relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: October 6, 2015

Respectfully submitted by:

_____
MITCHELL L. FELDMAN, ESQUIRE
Georgia Bar No: 257791
Feldman Law Group P.A.
1201 Peachtree Street
Colony Square
Suite 200
Atlanta, GA 30361
Tele: (813) 639-9366
Fax: (813) 639-9376
E-mail: MFeldman@ffmlawgroup.com
Attorney for Plaintiffs