UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT YATES and ERICA WHITE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> DISCRETE WIRELESS, INC.; FLEETCOR TECHNOLOGIES OPERATING COMPANY, LLC; FLEETCOR TECHNOLOGIES, INC. all D/B/A NEXTRAQ, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO.: <br> ) 1:15-cv-03549-ELR <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**JOINT MOTION FOR APPROVAL OF PROPOSED SETTLEMENT
AGREEMENT AND ENTRY OF JUDGMENT
OF DISMISSAL WITH PREJUDICE**

Plaintiffs Robert Yates and Erica White, individually and on behalf of the opt-in plaintiff class they represent (collectively, "Plaintiffs"), and Defendants Discrete Wireless, Inc. ("Discrete Wireless"), FleetCor Technologies Operating Company, LLC ("FleetCor, LLC"), and FleetCor Technologies, Inc. (collectively, "Defendants") jointly move the Court for approval of the proposed settlement agreement entered into in this action (the "Agreement") and entry of a final

PD.18939807.1

Judgment of Dismissal with Prejudice as per *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982).[1] The parties have agreed that the terms reflected in the Agreement are mutually satisfactory and represent fair and reasonable compromises of the claims asserted in this action. The Court's approval and entry of a final Judgment of Dismissal with Prejudice will consummate the Agreement between the parties. The grounds for this joint motion are set forth in the following memorandum of law.

## MEMORANDUM OF LAW

### A. Background.

On October 6, 2015, Plaintiffs filed this collective action pursuant to Section 16(b) of the FLSA, alleging that Defendants denied them and other similarly-situated individuals overtime wages in violation of the FLSA. (Doc. 1) Defendants denied liability and asserted various defenses. (Doc. 25)

After the filing of Plaintiffs' collective action complaint, eight additional current and/or former employees filed consent forms and thereby affirmatively opted into the action as party plaintiffs. Of those eight Plaintiffs, one has been

---

[1] Contemporaneously with this motion, the parties have filed a "Joint Motion to Submit Proposed Settlement Agreement to the Court for *In Camera* Review," in which the parties request that the Court review the settlement agreement entered into by the parties in this action *in camera* so that it may remain confidential without becoming a public record in the court file, pursuant to the terms of the Agreement.

determined to be ineligible, and the parties have stipulated to her dismissal.[2] Accordingly, the class is composed of nine Plaintiffs with viable claims.

Notably, all Plaintiffs in this action previously received notice and an opportunity to opt into another collective action filed against Defendants in August 2014—*Brown, et al v. Discrete Wireless, Inc., et al*, Case No. 8:14-cv-01922-VMC-EAJ (M.D. Fla.) (the "*Brown* Litigation")—alleging FLSA violations identical to those alleged in this case. Both the *Brown* Litigation and the instant action involve the same counsel. Thus, counsel for Plaintiffs and Defendants are well aware of the factual and legal issues underlying the claims and defenses in this action, as crystallized through the taking of depositions and the production of over 10,000 pages of documents and data over the course of more than a year in the *Brown* Litigation.

Moreover, the parties have engaged in a comprehensive fact investigation regarding Plaintiffs' specific claims in this case and have conferred regarding numerous discovery issues likely to arise. Both sides have served written discovery requests, which currently remain pending, and have exchanged relevant

---

[2] Specifically, opt-in plaintiff Dawn Jackson previously opted into and is subject to the settlement in another collective action against Defendants—*Brown, et al v. Discrete Wireless, Inc., et al*, Case No. 8:14-cv-01922-VMC-EAJ (M.D. Fla.)—and, therefore, is barred from any recovery in this case.

3

information and data relating to Plaintiffs' pay, hours worked, and alleged unpaid overtime during the relevant periods applicable to Plaintiffs' respective claims.

On January 26, 2016, the parties conducted mediation before Mediator Terrence Lee Croft, Esq. ("Croft"), a well-regarded and skilled mediator. Though the parties were unable to reach a resolution of Plaintiffs' claims during mediation, the parties continued their settlement discussions and ultimately were able to reach an agreement that, if approved by the Court, would completely resolve Plaintiffs' claims against Defendants (including the claims of the named plaintiffs and all opt-in plaintiffs). The parties now file this joint motion requesting that the Court approve the settlement and dismiss this action with prejudice.

### B. Legal Principles.

In general, the overtime provisions of the FLSA are mandatory and not subject to negotiation or bargaining between employers and employees. *See, e.g., Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). However, there are two ways an employee may settle and waive a claim against an employer for unpaid overtime pay and minimum wages under the FLSA where the settlement reflects a compromise of the wages and liquidated damages owed: (1) if the payment of overtime pay is supervised by the Secretary of Labor, or (2) in the context of a private lawsuit brought by an employee against his employer, if the parties present

the district court with a proposed settlement and the court enters an order approving the fairness of the settlement. 29 U.S.C. § 216(c); *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1306-07 (11th Cir. 2013); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946).

Where an employee agrees to receive less than the full wages and liquidated damages he or she claims to be owed, the parties may secure an enforceable agreement to settle and release FLSA claims against the employer without the supervision of the Secretary of Labor if all of the following conditions are met: (1) the settlement occurs in an adversarial context; (2) there are issues of FLSA coverage and/or computation actually in dispute; and (3) the district court enters an order approving the settlement after scrutinizing the fairness of the settlement. *Nall*, 723 F.3d at 1306-07; *Lynn's Food*, 679 F.2d at 1354.

The purpose of the court's evaluation of an FLSA settlement is to ensure that the compromise is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354. As one district

court within the Eleventh Circuit observed in *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009):

> Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement. Many factors may be in play as the parties negotiate a compromise that is acceptable to both sides. The parties may disagree as to the number of hours worked by the plaintiff, the plaintiff's status as an exempt employee, or the defendant's status as a covered employer. In certain cases, the Defendant may assert (or threaten to assert) a counterclaim arising from the employment relationship. If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable. Rarely will the Court be in a position to competently declare that such a settlement is "unreasonable."

*Bonetti,*, 715 F. Supp. 2d at 1227.

The court in *Bonetti* further explained that, where the plaintiff's attorneys' fee is agreed upon separately without regard to the amount paid to the plaintiff, "then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Id.* at 1228; *see also Mack, et al v. CVS Caremark Corp., et al*, No. 1:12-cv-01808-SCJ (N.D. Ga. Aug. 2, 2013) (Jones, J.) (Doc. 59) (citing *Bonetti*, 715 F. Supp. 2d at 1228, and granting parties' joint motion for approval of settlement

agreement without analyzing reasonableness of attorneys' fees, where the parties agreed that the attorneys' fees were negotiated separately from the amounts to be received by plaintiffs) (attached hereto as Exhibit A).

C. **Argument.**

This case clearly involves a dispute in which the Court may allow Plaintiffs in this action to settle and release their FLSA claims against Defendants. First, the proposed settlement arises in an adversarial context, with pending litigation and with the parties represented by competent counsel. Indeed, the parties have participated in an extensive fact investigation and conducted a comprehensive review of Plaintiffs' available pay and time data, in order to develop the factual and legal issues impacting the parties' claims and defenses. Moreover, the parties' claims and defenses are informed by extensive discovery from the *Brown* Litigation, which involved identical allegations against Defendants under the FLSA and involved the same counsel as in the instant action.

Additionally, the FLSA claims asserted against Defendants involve bona fide disputes about FLSA liability and damages and, consequently, the Agreement represents a reasonable compromise of the disputed issues. Plaintiffs claim that the plaintiff class worked compensable overtime hours (over 40 hours in a workweek) for which Defendants did not pay appropriate overtime premium

compensation. Defendants, on the other hand, deny liability to the class and, additionally, contend that Plaintiffs' estimates of hours worked by members of the class are unrealistic, grossly exaggerated, and/or include time that is not legally compensable under the FLSA. At mediation, the parties and their counsel considered their competing evidence (including documents and data produced in advance of mediation and actual and potential data analyses) and legal arguments (including liability standards, defenses, and overtime computation methodologies), and exchanged and presented competing damage models and calculations based on various assumptions and scenarios. With the assistance of a skilled mediator, the parties compromised and negotiated a settlement that entailed Defendants' agreement, without admitting liability, to pay certain individualized overtime pay amounts to class members on a pro-rata basis.

To reach the settlement amounts for each class member, the parties carefully calculated the overtime pay amounts using an agreed-upon and legally sound overtime computation method taking into account: (1) the particular class member's period of employment in the appropriate work group (2); the particular class member's compensation during the applicable period (including all hourly and commission payments); and (3) the particular class member's estimate of his or her weekly overtime hours (taking into account the particular class member's

absences from work due to holidays, vacation days, sick days, etc.). The settlement pay amounts ultimately agreed upon cover the longest possible statute of limitations period for each class member and include an amount allocated as liquidated damages (even though Defendants challenged the appropriateness of liquidated damages and the application of the three-year statute of limitations). In exchange, Plaintiffs agreed to release all claims related to their claims for unpaid wages and agreed to the dismissal of this action, and all claims in it, with prejudice.

The parties agree that Plaintiffs' respective settlement amounts, along with the various covenants contained within the Agreement, are fair in light of the parties' contentions. Plaintiffs' counsel believes that the claims in this action have merit and that the evidence to date supports the claims. However, Plaintiffs' counsel recognizes that Defendants have certain potential defenses to liability and damages, and acknowledges the expense and delay of continued lengthy proceedings necessary to prosecute this action against Defendants through trial and appeal. Plaintiffs' counsel and the lead representative plaintiffs in this action have taken into account the uncertain outcome and risk of any litigation, as well as the difficulties and delays inherent in such litigation. Plaintiffs' counsel further recognizes that there is the potential for a trier of fact to conclude that Plaintiffs are

not entitled to relief under the FLSA that would exceed the amounts agreed to in the Agreement. Plaintiffs' counsel believes that the Agreement confers substantial benefits on each class member, and that independent review of the Agreement by the Court in the approval process will confirm this. Based on a thorough evaluation of extensive damage models (including those prepared by Plaintiffs' counsel and those prepared by Defendants' counsel), Plaintiffs, with the assistance and recommendation of their counsel, have concluded that the Agreement (and the payouts contained therein) is in the best interests of the plaintiff class.

Defendants have denied and continue to deny that Plaintiffs are legally entitled to the relief received under the Agreement. Defendants also have denied and continue to deny, *inter alia*, the allegations that all Plaintiffs have suffered damages by reason of the alleged failure to pay overtime wages, or that all of the Plaintiffs were harmed by the conduct alleged in the action. In fact, Defendants maintain that they have various factual and legal defenses that they could successfully assert in this action (or in separate actions filed by the opt-in class members). Nonetheless, Defendants have concluded that the further conduct of the action would be protracted and expensive, and that it is desirable that the action be fully and finally settled in a manner upon the terms and conditions set forth in the Agreement in order to limit further expense, inconvenience, and distraction.

Defendants have taken into account the uncertainty and risks inherent in any litigation. Defendants, therefore, have determined that it is desirable and beneficial to them that the action be settled in the manner set forth in the Agreement.

Finally, the parties agree that the amount allocated to Plaintiffs' class counsel for attorneys' fees and costs is fair and reasonable. The parties advise the Court that the attorneys' fees and costs to be paid by Defendants under the Agreement are not based upon the amounts claimed to be owed to each plaintiff and opt-in plaintiff, such that there is no correlation between the amount of consideration to be paid to the plaintiff class and the attorneys' fees or costs to be paid by Defendants. Rather, the attorneys' fees and costs in this case were analyzed and reviewed in addition to – and completely separate from – the specific amounts claimed by each plaintiff and opt-in plaintiff. Again, as explained in *Bonetti,* where

> the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel. However, if the parties can only agree as to the amount to be paid to the plaintiff, the Court will continue the practice of determining a reasonable fee using the lodestar approach.

*Bonetti*, 715 F. Supp. 2d at 1228.

In the instant case, the attorneys' fees and costs allocated to Plaintiffs' counsel were negotiated separately and without regard to the amount Defendants have agreed to pay to the plaintiff class. As such, the recovery by the plaintiff class was not adversely affected by the amount of the attorneys' fees and costs paid to Plaintiffs' class counsel.

In sum, Plaintiffs are represented by competent counsel, and the settlement amounts and terms were the subject of extensive negotiation. The Agreement represents a fair and reasonable compromise of Plaintiffs' claims – including issues involving liability, computation of overtime wages, and application of various defenses, all of which were actually in dispute – and should be approved by the Court.

## CONCLUSION

Based on the foregoing, the parties respectfully request that the Court review and approve the Agreement and enter an order approving the settlement and dismissing this action with prejudice. A proposed Order is attached hereto as Exhibit B.

Date: February 26, 2016

**FELDMAN LAW GROUP P.A.**  /s/ Mitchell L. Feldman
1201 Peachtree Street, Suite 200  Mitchell L. Feldman

PD.18939807.1

Atlanta, Georgia 30361  
Telephone: 813-639-9366  
Facsimile: (813) 639-9376  

Georgia Bar No. 257791  
MFeldman@ffmlawgroup.com  

Counsel for Plaintiffs

**PHELPS DUNBAR LLP**  
100 South Ashley Drive  
Suite 1900  
Tampa, Florida 33602  
Telephone: (813) 472-7550  
Facsimile: (813) 472-7570  

/s/ Dennis M. McClelland  
Dennis M. McClelland  
  Florida Bar No. 0091758  
  dennis.mcclelland@phelps.com  
  (admitted *pro hac vice*)  
Craig S. Dawson  
  Florida Bar No. 0060829  
  craig.dawson@phelps.com  
  (admitted *pro hac vice*)  

Counsel for Defendants

**POLSINELLI PC**  
1355 Peachtree Street, N.E.  
Suite 500  
Atlanta, Georgia 30309-3232  
Telephone: (404) 253-6000  
Facsimile: (404) 253-6060  

/s/ James J. Swartz, Jr.  
James J. Swartz, Jr.  
  Georgia Bar No. 694319  
  JSwartz@Polsinelli.com  
Teeka K. Harrison  
  Georgia Bar No. 543115  
  THarrison@Polsinelli.com  

Local Counsel for Defendants

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT YATES and ERICA WHITE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>DISCRETE WIRELESS, INC.; FLEETCOR TECHNOLOGIES OPERATING COMPANY, LLC; FLEETCOR TECHNOLOGIES, INC. all D/B/A NEXTRAQ,<br><br>Defendants. | CIVIL ACTION NO.:<br>1:15-cv-03549-ELR |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 26, 2016, I electronically filed the foregoing Joint Motion for Approval of Proposed Settlement Agreement and Entry of Judgment of Dismissal with Prejudice with the Clerk of Court using the CM/ECF system, which will send electronic notice to the following counsel of record:

    Mitchell L. Feldman, Esq.
      Georgia Bar No.: 257791
      MFeldman@ffmlawgroup.com
      Feldman Law Group, P.A.

14

1201 Peachtree Street
Colony Square, Suite 200
Atlanta, GA 30361
Telephone: (813) 639-9366
Facsimile: (813) 639-9376

Counsel for Plaintiffs

/s/ Dennis M. McClelland
Counsel for Defendants