# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ROBERT YATES and ERICA WHITE, individually and on behalf of all others similarly situated,<br>    Plaintiffs,<br><br>v.<br><br>DISCRETE WIRELESS, INC.; FLEETCOR TECHNOLOGIES OPERATING COMPANY, LLC; and FLEETCOR TECHNOLOGIES, INC., all d/b/a Nextraq,<br><br>    Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | 1:15-CV-03549-ELR |

## ORDER

On April 6, 2016, the Court entered an Order granting in part and denying in part the Parties' Joint Motion to Submit Proposed Settlement Agreement to the Court for *In Camera* Review and directed the parties to file the Settlement Agreement under seal (Doc. No. 33).[1]  The Parties then filed the Settlement Agreement under seal.  (Doc. No. 34-1.)

---

[1] To be clear, nothing in the Court's Order from April 6 allowing the parties to file the Settlement Agreement under seal shall be construed as a policy approving sealing settlement agreements in

The Parties now jointly request that the Court review and approve their Settlement Agreement. (Doc. No. 32). Significantly, Plaintiffs' claims arise under the Fair Labor Standards Act ("FLSA"), which was enacted in 1938 for the purpose of "protect[ing] all covered workers from substandard wages and oppressive working conditions." Christopher v. SmithKline Beecham Corp., 132 S. Ct. 2156, 2162 (2012) (quoting Barrentine v. Arkansas-Best Freight Sys., 450 U.S. 728, 739 (1981)) (internal quotation marks omitted). Taking into account the disparity of bargaining power that often exists between employers and their employees, Congress made the FLSA's wage and hour limitations mandatory. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945). Thus, employers are prohibited from negotiating agreements that require employees to waive certain minimum protections provided for by the FLSA. Id.

In this Circuit, courts have acknowledged that there are "only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352–53 (11th Cir. 1982). The first exception, which is inapplicable to this case, involves actions taken by the Secretary of Labor. Id. at 1353. The second route, on the other hand, permits the presentation of a proposed settlement agreement to a district court when an employee brings a private action for back wages pursuant to 29 U.S.C. § 216(b).

---

Fair Labor Standards Act cases. Rather, the Court will continue to assess these matters on a case by case basis.

If, after scrutinizing the settlement, the district court determines that it "is a fair and reasonable resolution of a bona fide dispute of FLSA provisions[,]" the court may enter a stipulated judgment. Id. at 1355. In this context—when the employees are represented by counsel—there is some assurance that the employees' rights under the statute will be protected, and "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." Id. at 1354. To that end, the Court notes that Plaintiffs are represented by counsel in the present action.

After reviewing the Parties' Joint Motion for Settlement (Doc. No. 32), the Court finds there is a bona fide dispute regarding claims arising under the FLSA, and the proposed Settlement Agreement (Doc. No. 34-1 (filed under seal)) submitted by the Parties is a fair and reasonable resolution to this action. Although Defendants deny Plaintiffs' allegations of wrongdoing, the Parties engaged in an arms-length settlement negotiation and eventually agreed upon terms to resolve this dispute.

Accordingly, the Court **GRANTS** the Parties' Joint Motion for Settlement (Doc. No. 32); **APPROVES** the Settlement Agreement; and **DISMISSES WITH PREJUDICE** this action. The Court **DIRECTS** that the Confidential Settlement Agreement (Doc. No. 34-1) shall be retained **UNDER SEAL**. The Court **DIRECTS** the Clerk to close this case.

**SO ORDERED**, this 13th day of April, 2016.

_Eleanor L. Ross_
Eleanor L. Ross
United States District Judge
Northern District of Georgia